UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND JAMES & ASSOCIATES, INC.<br><br>Plaintiff,<br><br>-against-<br><br>ORAMED PHARMACEUTICALS INC.,<br><br>Defendant. | No.<br><br><br><br>**VERIFIED COMPLAINT** |

## VERIFIED COMPLAINT FOR
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff Raymond James & Associates, Inc., ("Raymond James") by its undersigned attorneys, brings this Verified Complaint seeking declaratory judgment and preliminary and permanent injunctive relief to enjoin Oramed Pharmaceuticals Inc. ("Oramed") from arbitrating its claims against Raymond James before the Financial Industry Regulatory Authority ("FINRA") dispute resolution forum in a case entitled *Oramed Pharmaceutical, Inc. v. Raymond James & Associates, Inc.*, FINRA Case No. 20-00414.

### INTRODUCTION

1. In flagrant disregard of the parties' forum selection clause, Oramed filed a Statement of Claim in FINRA alleging various causes of action relating to the parties' contract. The parties' agreement states in unequivocal terms that all actions must "exclusively" be litigated in a court of law. This agreement additionally states the parties waive any claim to jurisdiction in the Southern District of New York ("S.D.N.Y.").

2. Raymond James is accordingly entitled to a preliminary and permanent injunction, as it can (a) demonstrate irreparable harm because it will be deprived of its bargained for right of

litigating all disputes in a court of law; (b) show a likelihood of success on the merits because it is black letter law in the Second Circuit that forum selection clauses supersede FINRA Rule 12200's option of arbitration and; (c) prove the balance of hardships weigh in its favor, as it will be forced to expend resources in a forum it did not choose.

## PARTIES

3.  Raymond James is a Florida corporation with a principal place of business located in St. Petersburg, Florida.

4.  Oramed is a Delaware corporation with a principal place of business located in New York.

## JURISDICTION AND VENUE

5.  This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 and injunctive relief pursuant to Federal Rule of Civil Procedure 65.

6.  The Court has subject matter jurisdiction pursuant 28 U.S.C. §1332 because the underlying matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.  Venue lies within this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claim, including the arbitration Plaintiff seeks to enjoin, occurred in this District. The parties also agreed pursuant to the forum selection clause at issue, that venue lied within this District.

## FACTS

8.  This matter stems from Oramed's Statement of Claim (the "Statement of Claim"), filed in FINRA on February 4, 2020. The Statement of Claim is entitled *Oramed Pharmaceutical,*

*Inc. v. Raymond James & Associates, Inc.*, FINRA Case No. 20-00414.  A true and correct copy of the Statement of Claim is attached as Exhibit A.

9. Oramed is a company that claims to research and develop pharmaceutical solutions for orally ingested treatments.

10. Raymond James is a brokerage firm that provides a wide-range of financial services.

11. On November 26, 2017, the parties entered into an agreement (the "First Agreement") for Raymond James to serve as the book-running managing underwriter in its proposed public offering of a certain amount of Oramed's common stock. A true and correct copy of the First Agreement is attached as Exhibit B.

12. The First Agreement contained a forum selection clause, which provided that Oramed "irrevocably submits to exclusive jurisdiction . . . for the purpose of any suit, action or other proceeding" in either New York state court, or the SDNY.

13. On July 6, 2018, the parties entered into a new agreement (the "Second Agreement").  A true and correct copy of the Second Agreement is attached as Exhibit C.

14. The Second Agreement provided that Raymond James would render certain advisory services, including those relating to capitalization.

15. The Second Agreement required Oramed to "provide Raymond James with a non-refundable advisory fee of $252,000 payable within 7 days from the execution of [the] Agreement."

16. The Second Agreement states it "supersedes all prior agreements between Raymond James and [Oramed], including but not limited to that certain engagement letter dated November 26, 2017."

17. Section 7 of the Second Agreement contains the parties' forum selection clause (the "Forum Selection Clause."). Section 7 is underlined in bold and entitled "**Governing Law; Jurisdiction; Waiver of Jury Trial**."

18. The Forum Selection Clause specified the parties' rights to, among other things, where any disputes concerning the Second Agreement could be initiated. The Forum Selection Clause states in relevant part:

> [Oramed] and Raymond James each agree that (i) **any legal suit, action or proceeding arising out of or relating to this Agreement shall be instituted exclusively** in the New York State Supreme Court, County of New York, or in the United States District Court for the Southern District of New York, (ii) **waives any objection to the venue of any such suit**, action or proceeding, **and the right to assert that such forum is an inconvenient forum**, and (iii) **irrevocably consents to the jurisdiction of the** New York State Supreme Court, County of New York, **and the United States District Court for the Southern District of New York in any such suit**, action or proceeding. Each of the Company and Raymond James further agrees to accept and acknowledge service of any and all process that may be served in any such suit, action or proceeding in the New York State Supreme Court, County of New York, or in the United States District Court for the Southern District of New York and agree that service of process upon it mailed by certified mail to its address shall be deemed in every respect effective service of process in any such suit, action or proceeding. (emphasis added)

19. Thus, by the plain terms of the Forum Selection Clause, the parties agreed that any suit relating to the Second Agreement would: (1) be exclusively litigated in either the Southern District of New York or New York Supreme Court, County of New York; (2) each party irrevocably consented to jurisdiction in either court; and (3) each party waived any objection to either forum as a proper venue.

20. Oramed's President and CEO Nadav Kidron signed the Second Agreement.

21. On July 17, 2018, Oramed remitted full payment for Raymond James' services.

22. In blatant disregard of the Forum Selection Clause, Oramed filed the Statement of Claim in FINRA on February 4, 2020.

23. The Statement of Claim argues that Raymond James failed to perform in a number of ways relating to the Second Agreement.

24. The Statement of Claim specifically alleges that it is entitled to recover fees it paid because the Second Agreement lacked consideration.

25. The Statement of Claim additionally alleges that Raymond James fraudulently induced Oramed into executing the Second Agreement.

26. Thus, even upon a cursory glance, both of Oramed's claims "arise out of or relat[e] to this Agreement." *See* Exhibit B, at 2.

27. The Statement of Claim alleges that FINRA has jurisdiction pursuant to FINRA Rule 12200. It purposefully fails to refer to the controlling Forum Selection Clause.

## COUNT I – DECLARATORY JUDGMENT

28. Raymond James incorporates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

29. The Forum Selection clause provides that: (1) "**any legal suit, action or proceedin**g arising out of or relating to this Agreement shall be instituted **exclusively** . . . in the United States District Court for the Southern District of New York;" (2) each party waives their right to contest venue as being proper in the S.D.N.Y.; (3) and each party "irrevocably consents to jurisdiction" in the S.D.N.Y.

30. The parties have an agreement to litigate all matters in the S.D.N.Y, and Oramed is depriving Raymond James of its ability to vindicate its rights in a court of law.

31. Raymond James is therefore not obligated—and specifically bargained for the ability to not—arbitrate any matters before FINRA.

32. Declaratory relief is appropriate because there is a substantial continuing controversy between the parties that is definite and concrete, affecting the parties' legal interests related to the Second Agreement with sufficient immediacy, and Raymond James will continue to suffer injury in the future in the absence of declaratory relief.

33. Raymond James seeks a declaratory judgment under Federal Rule of Civil Procedure 57 and 28. U.S.C. § 2201 that the Statement of Claim is not arbitrable pursuant to the Second Agreement.

## COUNT II – INJUNCTIVE RELIEF

34. Raymond James incorporates the allegations of Paragraphs 1 through 33 above as if fully set forth therein.

35. As is set forth more fully in its accompanying memorandum of law, Raymond James is entitled to injunctive relief as it can demonstrate (a) it will suffer irreparable harm; (b) it can demonstrate a likelihood of success on the merits; and (c) the balance of hardships tip in their favor.

36. Raymond James will suffer irreparable harm because it will be forced to arbitrate a matter it specifically bargained for the ability to litigate in a court of law.

37. Raymond James can demonstrate a likelihood of success because a plethora of controlling authority states that forum selection clauses supersede FINRA Rule 12200's option to arbitrate.

38. The balance of hardships tips in Raymond James' favor because it would be compelled to expend resources and time on a matter that it did not agree to arbitrate.

## REQUEST FOR RELIEF

WHEREFORE, Raymond James requests this Court:

1. Enter a declaratory judgment that the Statement of Claim and all arbitration proceedings concerning *Oramed Pharmaceutical, Inc. v. Raymond James & Associates, Inc.*, FINRA Case No. 20-00414 be dismissed;

2. Enter a declaratory judgment that the parties' Agreement requires all actions concerning same Agreement be litigated in a court of law and that the claims in the Statement of Claim are not arbitrable;

3. Enter orders preliminarily and permanently enjoining Oramed from further proceeding in its FINRA action against Raymond James;

4. Enter an Order awarding Raymond James its costs for filing this suit and;

5. Enter an Order awarding such other and further relief as the Court deems just and proper.

**[SIGNATURES ON NEXT PAGE]**

- 8 -

| | |
|---|---|
| Dated: New York, New York<br>April 14, 2020 | Respectfully submitted,<br><br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br><br>By: \_\_/s/ *Jamie L. Helman*_____<br><br>Jamie L. Helman<br>Sandra D. Grannum<br>Edward J. Scarillo<br>1177 Avenue of the Americas<br>41st Floor<br>New York, NY 10036<br>212-248-3140<br>Jamie.Helman@faegredrinker.com<br>Sandra.Grannum@faegredrinker.com |

## **VERIFICATION**

I, the undersigned, Stuart R. Barich, am employed by Raymond James & Associates, Inc., as a Managing Director. I have personal knowledge of the facts set forth in the attached Verified Complaint and supporting exhibits. I have reviewed the allegations of fact set forth in the Verified Complaint and hereby verify that said facts are true, correct, and accurate.

Dated: April 14, 2020                                      *Stuart R. Barich*
                                                          _____
                                                          Stuart R. Barich